UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA A. HALL                )
        Plaintiff,          )
                       )
        v.              )      No. 05 C 4280
                       )
BLUE CROSS BLUE SHIELD    )
OF ILLINOIS               )
        Defendant.      )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Barbara A. Hall alleges that her former employer, defendant Blue Cross Blue Shield of Illinois ("BCBS"), discriminated against her on the basis of her age, color, race and sex in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").[1] She also claims that BCBS retaliated against her following her complaints of unfair treatment. BCBS filed a motion to dismiss Hall's age and failure to hire claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant BCBS's motion.

## BACKGROUND

In her Complaint, Hall alleges that while employed in BCBS's Media/E-Solutions department she was subjected to age, race and sex discrimination. (Compl. ¶¶ 6, 12, 16(f).) She claims that BCBS: (1) failed to hire her; (2) terminated her employment; (3) failed to promote her; (4) failed to stop the age, race and sex discrimination; and (5) retaliated against her after she

---

[1]Defense counsel indicates that Healthcare Service Corporation was improperly sued under the name Blue Cross Blue Shield of Illinois. (Memo. at 1; Reply at 1.) For purposes of this motion, we continue to refer to the defendant as BCBS.

complained of the discrimination. (*Id.* at ¶ 12.) She filed a Charge of Discrimination with the EEOC on February 8, 2005, claiming that she was treated less favorably than similarly situated non-Black male employees. (EEOC Charge, Attach. to Compl.) After complaining about the discrimination, she received a poor performance review and was constructively discharged in January 2005. (*Id.*) In her EEOC Charge, Hall checked boxes indicating that she suffered race and sex discrimination, as well as retaliation. (*Id.*) The EEOC issued Hall a right-to-sue letter on April 26, 2005 and this litigation followed. (Compl. ¶ 8(b); Dismissal and Notice of Rights, Attach. to Compl.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, dismissal under Rule 12(b)(6) is warranted only if the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). When considering a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations as true. *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004); *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

### A.     *Failure to Hire Claim*

BCBS moves to dismiss Hall's failure to hire claim because Hall admits that she worked for BCBS from approximately August 1999 through January 2005. (*See* Compl. ¶ 16(f).) In her response, Hall acknowledges that she was an employee of BCBS. (Resp. ¶ 2.) In addition, Hall

explained that including a "failure to hire" claim was really her "way of saying that BCBS failed to

transfer [her] to another department when requested." (*Id.*) Thus, both parties agree BCBS

employed Hall, and we grant BCBS's motion.[2]

### B. Failure to Exhaust ADEA Claims

BCBS seeks dismissal of Hall's discrimination and retaliation claims under the ADEA,

contending that she failed to exhaust her administrative remedies with the EEOC. In response, Hall

stated that she "explained to the case rep that everyone in the department was under the age of 30."

(Resp. ¶ 1) (emphasis omitted). She claims that EEOC personnel omitted her allegations of age

discrimination from the charge because there "clearly wasn't enough space to document the

complete story." (*Id.*)

Before pursuing "an ADEA claim in federal court, a plaintiff must first have raised it in a

timely EEOC charge." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003); 29

U.S.C. § 626(d); *see also Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005);

*Cheek v. W. & S Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This requirement exists to "give

the employer fair notice of the conduct about which the employee is complaining" and to provide

the EEOC and the employer an opportunity to investigate and resolve the dispute. *Geldon*, 414 F.3d

at 819; *see Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701-702 (7th Cir. 1999);

*Cheek,* 31 F.3d at 500. In complying with the charge-filing requirement, plaintiffs need not allege

---

[2]As BCBS concedes in its Reply, Hall's failure to transfer claim is "not subject to the present Motion." (Reply at 4.) For the sake of clarity, we reiterate that our ruling does not address Hall's allegation that the denial of a transfer within BCBS was a discriminatory adverse employment action. *See Jackson v. Galileo Int'l Inc.*, No. 99 C 8364, 2001 WL 619522, at *3-4 (N.D. Ill. May 29, 2001) (holding refusal of transfer claim actionable where plaintiff competitively sought new position to remain employed and thus, request for lateral transfer was more "akin to an application for a new job").

every single fact that might support their claims in the charge. *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000); *Novitsky*, 196 F.3d at 701-702; *Cheek,* 31 F.3d at 500. Nonetheless, federal discrimination claims are actionable in court only if they are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Cheek,* 31 F.3d at 500 (*quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)); *see Novitsky*, 196 F.3d at 701-702; *Brongel v. Bank One Corp.*, No. 03 C 5433, 2004 WL 406909, at *4 (N.D. Ill. Feb. 11, 2004). In evaluating the scope of the EEOC charge, "we ask 'what EEOC investigation could reasonably be expected to grow from the original complaint?'" *Ajayi*, 336 F.3d at 527 (*quoting Novitsky*, 196 F.3d at 701).

After reviewing Hall's EEOC charge, we conclude that an investigation based on its allegations would not reasonably include any ADEA claims. *See Ajayi*, 336 F.3d at 527-528. The ADEA claims asserted in her Complaint plainly are not related to the allegations of race and sex discrimination and retaliation under Title VII presented to the EEOC. In her charge, Hall did not: (1) provide her date of birth; (2) check the age discrimination box; or (3) include *any* facts describing discrimination or retaliation under the ADEA. (EEOC Charge, Attach. to Compl.) Under similar circumstances, the Seventh Circuit barred a plaintiff's ADEA claim, observing that "there is simply no reason to think that any EEOC investigation arising from [plaintiff's race discrimination] charge would have uncovered the alleged age bias." *Ajayi*, 336 F.3d at 526 n.2, 527; *see also Brongel,* 2004 WL 406909, at *4 (dismissing age, race, color and national origin claims because they were not related to the sexual harassment and retaliation claims asserted in EEOC charge). Like the plaintiff in *Ajayi*, Hall's charge failed to notify the EEOC or BCBS that age discrimination was an issue to be investigated and addressed in any conciliation efforts.

Hall claims that an EEOC representative assisted her in completing the charge form and moreover, that she informed that representative of her age claim. (Resp. ¶¶ 1, 3.) Unfortunately, Hall's accusation that the EEOC representative botched her charge does not excuse Hall's omission of the age claim. First, Hall admits that she was involved in the preparation of the charge. (Resp. ¶ 1.) The EEOC representative summarized the discrimination claims "with [Hall's] help." (*Id.*) She offers no explanation as to why she allowed the EEOC representative to neglect an entire claim, despite her personal involvement in drafting the form. *See Brongel,* 2004 WL 406909, at *8 (dismissing harassment claim absent from EEOC charge where plaintiff "simply asserts that she provided [the EEOC] with more information than what ended up being included in her charge"). Hall does not claim, for example, that the EEOC representative deceived her, misinterpreted an intake questionnaire, ignored affidavits or other evidentiary materials, edited her charge without permission, or otherwise prevented her from including information about her age claims. *See Novitsky*, 196 F.3d at 702 (describing some circumstances under which EEOC conduct or other equitable considerations might excuse failure to raise claims in charge); *see also Dillon v. M.S. Carriers, Inc.*, No. 98 CV 2012, 2000 WL 1141569, at *8 (N.D. Ill. Aug. 11, 2000) .

Second, and contrary to her claim that "[t]here clearly wasn't enough space," Hall could easily have included ADEA claims. As to the space contraints, the form states that extra sheets should be attached if additional room is needed. (EEOC Charge, Attach. to Compl.) Regardless, Hall needed to add but a few words to raise age claims in her charge. *See, e.g.*, *Geldon*, 414 F.3d at 820. For example, she could have simply added the word "younger" to her description of those employees receiving more favorable treatment, or included the phrase "my age, over 40" in her closing sentence. *See, e.g.*, *Geldon*, 414 F.3d at 820 (affirming dismissal of claim where plaintiff

5

"could have gotten the point across by adding just a few words"). As BCBS correctly states, Hall signed the charge and is ultimately responsible for the allegations therein. (Reply at 3.) *See Novitsky*, 196 F.3d at 702 (commenting that although people may sign legal documents without reviewing them, the documents are binding); *Horne v. Cub Foods*, No. 93 C 3097, 1995 WL 319629, at *5 n.2 (N.D. Ill. May 25, 1995). "If [Hall was] dissatisfied with the staff's understanding of her answers [or her intended allegations], all she had to do was point this out and ask for an addition." *Novitsky*, 196 F.3d at 702.

Finally, in *Vela v. Village of Sauk Village* the Seventh Circuit held that "an oral charge [made to an EEOC representative]. . . not reflected in nor reasonably related to the charge actually filed, is not a sufficient predicate for a claim . . . in [a] civil action." 218 F.3d at 665 (affirming dismissal of claim although plaintiff claimed she orally informed intake officer of sexual harassment allegations). As with Title VII, ADEA regulations expressly require the charge to be made in writing. 29 C.F.R. § 1626.6, 1626.8. An oral statement to the EEOC does not comply with filing requirements, nor can "it be expected to reach the employer." *Vela,* 218 F.3d at 665 (interpreting Title VII written filing requirements); *Horne,* 1995 WL 319629, at *3 (same); *see Ajayi*, 336 F.3d at 527-528 (viewing charge as whole and concluding omission of age claim thwarted notice and investigatory purposes of charge). Thus, even if Hall verbally told the EEOC representative that her co-workers were under age 30 and that she perceived age discrimination, these statements alone cannot be the basis of a federal lawsuit. Because the age discrimination and retaliation claims are absent from the EEOC charge and are not reasonably related to her Title VII allegations, they must be dismissed. Accordingly, we grant BCBS's motion with respect to the ADEA claims.

**CONCLUSION**

For the above stated reasons, we grant BCBS's motion, dismissing Hall's failure to hire

and ADEA discrimination and retaliation claims with prejudice. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 1/11/06